IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KEVIN WALSH and
EILEEN WALSH,

      Plaintiffs,

v.                               CASE NO. 4:08cv183-SPM/WCS

FAMOUS DAVE'S OF AMERICA, INC.,

      Defendant.

_____/

## ORDER GRANTING MOTION TO DISMISS

THIS CAUSE comes for consideration upon "Famous Dave's of America, Inc.'s Motion to Dismiss Plaintiffs' Amended Complaint" (doc. 10). Plaintiffs have filed a "Response to Defendant's Motion to Dismiss" (doc. 11). Both parties filed memoranda of law in accordance with the local rules (docs. 10, 11). See N.D. Fla. Loc. R. 7.1(A). For the reasons set out below, the Court will grant Defendant's motion.

I. Background

Plaintiffs filed a Complaint (doc. 1) on April 21, 2008, alleging a willful violation of the Fair Credit Reporting Act ("FCRA"), as amended by the Fair and Accurate Credit Transaction Act ("FACTA"), pursuant to 15 U.S.C. §§ 1681c(g), 1681n. After FCRA was amended on June 3, 2008 by the Credit and Debit

Receipt Clarification Act of 2007 ("CDRCA"), Plaintiffs amended their Complaint. The Amended Complaint (doc. 7), filed on June 9, 2008, alleges a negligent violation of FCRA pursuant to 15 U.S.C. §§ 1681 c(g), 1681o. Defendant filed a Motion to Dismiss Plaintiffs' Amended Complaint (doc. 10) on June 30, 2008. Plaintiffs filed a Response to Defendant's Motion to Dismiss (doc. 11) on July 14, 2008.[1]

Plaintiffs' Amended Complaint alleges Defendant printed the expiration dates of Plaintiffs' and Class Members' credit or debit cards on meal receipts. Plaintiffs' Amended Complaint ¶¶ 12, 15. Plaintiffs allege that the printing of the aforementioned expiration dates constitutes a violation of FACTA, pursuant to 15 U.S.C. § 1681c(g). The operative portion of 15 U.S.C. § 1681c(g) states:

> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.

Plaintiffs seek recovery of nominal damages for Plaintiffs and Class Members pursuant to 15 U.S.C. § 1681o. The operative portion of 15 U.S.C. § 1681o states:

> Any person who is negligent in failing to comply with any requirement

---

[1] Defendant filed a Motion for Leave to File a Reply to Plaintiffs' Response to Motion to Dismiss (doc. 21) on July 25, 2008. Plaintiffs filed a Response in Opposition to Defendant's Motion for Leave to File a Reply (doc. 26) on August 8, 2008. Defendant's proposed response (doc. 21, ex. A) was considered by the Court. Accordingly, the motion for leave to file a reply is granted. Plaintiff's response in opposition, which takes the form of a sur-reply was also considered.

>imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of--
>(1) any actual damages sustained by the consumer as a result of the failure; and
>(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

Plaintiffs allege that Plaintiffs and Class Members suffered actual harm in that they were exposed to at least an increased risk of identity theft. Plaintiffs' Amended Complaint ¶ 33. Plaintiffs further allege that the damages may be difficult or impossible to prove; accordingly, Plaintiffs and Class Members seek nominal damages. Plaintiffs' Amended Complaint ¶ 33.

Defendant asserts two arguments as to why Plaintiffs' Amended Complaint should be dismissed. First, Defendant argues under Federal Rule of Civil Procedure 8(a) that Plaintiffs fail to plead a short and plain statement for a claim for relief. Second, Defendant argues under Federal Rule of Civil Procedure 12(b)(6) that Plaintiffs fail to state a claim upon which relief could be granted. Defendant asserts that Plaintiffs fail to state a claim because actual harm is required to state a claim for a negligent violation of FCRA and 1) Plaintiffs have not pled any actual harm as a result of Defendant's actions, 2) Plaintiffs' alleged increased risk of harm is insufficient to show actual harm, and 3) Plaintiffs cannot request nominal damages without showing actual damages.

II. Analysis

A. Motion to Dismiss Standard for Failure to State a Claim

A motion to dismiss a complaint is construed in the light most favorable to

the plaintiff and all doubts and inferences should be resolved in the plaintiff's favor. Wright & Miller, Federal Practice and Procedure: Civil 3d § 1357. The standard by which a court should judge a motion to dismiss was modified in Bell Atlantic Corp., et al. v. Twombly, __U.S.__,127 S.Ct. 1955, 1964-65 (2007), holding:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations. . . [f]actual allegations must be enough to raise a right to relief above the speculative level. . . . (internal citations omitted).

In doing so, the Court emphasized that it was not requiring a fact pleading of specifics, but only enough facts to show that a claim to relief is plausible. Id. at 1974.

The Twombly Court expressly abandoned a literal reading of the "no set of facts" language announced in Conley v. Gibson. Id. at 1969. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). But it did so preserving much of the liberality of the pleading standard. The notion that a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely" survived although the specific language used in Conley did not. Twombly, 127 S.Ct. at 1965. (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). Even under the liberal notice pleading standard, a plaintiff is still required to "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Roe v. Aware Woman Center for

4

Choice, Inc., 253 F.3d 678, 684 (11th Cir. 2001) (*quoting* Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir.1988)).

A motion to dismiss for failure to state a claim necessarily implicates an analysis of the complaint under Federal Rule of Civil Procedure 8(a) to determine whether the complaint's allegations constitute a claim for relief. Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a pleading need only set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Id. The standard is a liberal one with the emphasis placed on whether the complaint affords the defendant sufficient notice of what the claim is and its grounds. Charles H. Wesley Educ. Found., Inc. v. Cox, 408 F.3d 1349, 1352 (11th Cir. 2005) (*quoting* United States v. Baxter Int'l, Inc., 345 F.3d 866, 881 (11th Cir. 2003)). While a plaintiff need not plead specific facts, the pleader has to plead "enough facts to state a claim to relief that is plausible on its face . . . [thereby] nudg[ing] [the claim] across the line from [the] conceivable." Twombly, ___ U.S. at ___, 127 S. Ct. at 1974.

B.  Willful and Negligent Noncompliance Under FCRA

FCRA was enacted in 1970 and codified in 15 U.S.C. § 1681, *et seq.* On December 4, 2003, the President signed FACTA, which further amended FCRA to fight the growing threat and incidence of identity theft. FACTA provides that no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date

5

upon any receipt provided to the card holder at the point of the sale or the transaction. See 15 U.S.C. § 1681c(g). Almost immediately after the deadline for compliance passed, hundreds of lawsuits were filed alleging that the failure to remove the expiration date upon any receipt provided to the card holder at the point of the sale or the transaction was a willful violation of FCRA, even where the account number was truncated. Credit and Debit Receipt Clarification Act of 2007, Pub.L. 110-241, § 2(a)(4), June 3, 2008, 122 Stat. 1566 [hereinafter CDCRCA]. Accordingly, the majority of these lawsuits sought recovery pursuant to section 1681n, which states that any willful violation of FCRA entitles Plaintiff to recover actual damages, statutory damages and punitive damages. See 15 U.S.C. § 1681n.

     Congress found that none of these lawsuits contained any allegation of harm to the consumer's identity. CDRCA at § 2(a)(5).  Congress also found that truncation of the card number, by itself, was sufficient to prevent a potential fraudster from perpetrating identity theft or credit card fraud. Id. at § 2(a)(6). Thus, Congress amended FCRA to limit these types of lawsuits. On June 3, 2008, President Bush signed into law CDRCA, which amends 15 U.S.C. § 1681n by adding subsection d, and provides that "any person who printed an expiration date on any receipt provided to a consumer cardholder at a point of sale or transaction between December 4, 2004, and the date of the enactment of this subsection but otherwise complied with the requirements of section 605(g) for such receipt shall not be in willful noncompliance with section 605(g) by reason of

printing such expiration date on the receipt." Id. at §3(a), 3(d).  Hence, if a company truncates a consumer's credit card number as required, but does not remove the expiration date, there is no willful liability and no statutory or punitive damages.

While section 1681n creates a private right of action for a willful violation of FCRA, section 1681o creates a private right of action for a violation that is merely negligent, as opposed to willful.  The consumer's right to sue for negligence is preserved if actual harm occurs as a result of having the expiration date printed on the receipt.  See 15 U.S.C. § 1681o.  Significantly, section 1681o permits only claims based on actual damages; it contains no counterpart to the statutory damage provision in section 1681n.  See Ramirez v. Midwest Airlines, Inc., 537 F. Supp. 2d 1161, 1168 (D. Kan. 2008).   The result confirms that negligent violations of FCRA subject a defendant to liability only for actual damages, costs and reasonable attorney's fees.  See 15 U.S.C. § 1681o.

C.  Failure to State a Claim Precludes Recovery

Here, Plaintiffs cannot recover for a negligent violation of FCRA unless actual harm is shown.  Plaintiffs have not made a plausible allegation of actual harm to survive a motion to dismiss for failure to state a claim.  Plaintiffs' alleged increase risk of harm is not enough to show actual harm.   The mere increased risk of some event occurring is utterly abstract, as opposed to concrete, direct, real, and palpable.  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).

A potential for harm without a showing of actual harm is too speculative to establish actual damages.  See e.g. Casella v. Equifax Credit Info. Services, 56 F.3d 469, 475 (2d Cir.1995); Cousin v. Trans Union Corp., 246 F.3d 359, 371 (5th Cir. 2001).  Since Plaintiffs did not suffer any actual damages, a finding that Defendant negligently violated section 1682c(g)(1) would yield no recovery.  See Cowley v. Burger King Corp., No. 07-21772, slip op. at 3 (S.D. Fla. May 23, 2008).

Plaintiffs attempt to circumvent the requirement that they must plead actual damages by seeking nominal damages.   However, in a negligence cause of action, where actual damages are necessary to the cause of action, nominal damages are not awarded. Restatement (Second) of Torts § 907(b) (1979); W. Page Keeton et al., Prosser and Keeton on Torts 30, at 165 (5th ed.1984); see also Hyde v. Hibernia Nat'l Bank, 861 F.2d 446, 448 (5th Cir.1988) (holding in context of FCRA, nominal damages to vindicate a technical right cannot be recovered unless actual loss has occurred in a cause of action based on negligence); Cousin v. Trans Union Corp., 246 F.3d 359, 371 (5th Cir. 2001) (holding in a negligent noncompliance action, where there is insufficient evidence of actual loss, the court need not award any nominal damages); Zivojinovich v. Barner, 525 F.3d 1059, 1070 (11th Cir. 2008) (holding in a negligence action, actual harm must be shown).  Thus, Plaintiffs' request for nominal damages cannot save their negligence claim because, in the context of a negligent violation of FCRA, Plaintiffs have failed to plead any actual damages.

8

D.  Lack of Standing Precludes Recovery

Even when the parties do not raise the standing issue, the Court has an independent obligation to examine its own jurisdiction. See FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 230 (1990).  If Plaintiffs lack standing, then a District Court may not certify a class action.  See Klay v. Humana, Inc., 382 F.3d 1241, 1250-1251 (11th Cir. 2004); City of Hialeah v. Rojas, 311 F.3d 1096, 1101 (11th Cir. 2002).

Pursuant to Article III of the United States Constitution, there must be a case or controversy to bring an action before a federal court.  The case or controversy language requires a showing of harm or an imminent threat of harm. The requirement that a plaintiff have standing is composed of three elements. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).  First, the plaintiff must have suffered an injury in fact, defined as an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical.  See id.  Second, there needs to be a causal connection between the injury the plaintiff alleges and the conduct of the defendant that the plaintiff is challenging.  See id.  Finally, the injury must likely be redressed by a favorable decision.  See id.

The Supreme Court has said that, in temporal terms, there are three kinds of harms: 1) actual harms, 2) imminent harms, and 3) potential future harms that are not imminent. See Whitmore v. Arkansas, 495 U.S. 149, 155-57 (1990).

9

Treating the increased risk of future harm as an actual harm, however, would eliminate these categories. <u>Public Citizen, Inc. v. National Highway Traffic Safety Admin.</u>, 489 F.3d 1279, 1297-1298 (C.A.D.C. 2007); <u>see also</u> <u>Al-Amin v. Smith</u>, 511 F.3d 1317, 1332 (11th Cir. 2008) (holding standing requires actual or imminent harm).  Plaintiffs cite to a multitude of cases to show standing by virtue of a statute, <u>see e.g.</u> <u>Hedlund v. Hooters of Houston</u>, 2008 WL 2065852 (N.D.Tex. 2008), <u>Ramirez v. Midwest Airlines, Inc.</u>, 537 F.Supp.2d 1161 (D. Kan.2008). However, these cases are distinguishable from the present case because plaintiffs in those cases were suing for a *willful* violation of the statute, which expressly permits both statutory and actual damages.  <u>See</u> 15 U.S.C. § 1681n.  In the instant case, Plaintiffs are suing for a *negligent* violation of the statute. Pursuant to 15 U.S.C. § 1681o, without a showing of actual harm or an imminent threat of harm, Plaintiffs are merely seeking an advisory opinion. Based on the foregoing, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss (doc. 10) is **granted**.   This case is hereby dismissed.  Additionally, "Plaintiffs' Motion for Class Certification" (doc. 15) is hereby **denied as moot**.

DONE AND ORDERED on this <u>eleventh</u> day of September, 2008.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge